IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMANDA LANGLEY and ANDREA HARRIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:20-CV-890-RP |
| RPM DINING, LLC *doing business as* YELLOW ROSE, | § § § | |
| Defendant. | § § § | |

## ORDER

Before the Court are three post-trial motions from the parties in this case: Plaintiffs Amanda

Langley and Andrea Harris's ("Plaintiffs") Motion to Amend Judgment, (Dkt. 117), Defendant RPM

Dining, LLC d/b/a Yellow Rose's ("Defendant" or "Yellow Rose") Rule 59(e) Motion to Alter or

Amend Judgment, (Dkt. 124), Defendant's Rule 50(b) Motion for Judgment as a Matter of Law,

(Dkt. 125), and related briefing (Dkts. 123, 128, 130, 131). Having reviewed the briefing, the record,

and the relevant law, the Court will partially grant Plaintiffs' motion and deny Defendant's motions.

## I. BACKGROUND

Plaintiffs and others[1] brought this collective action alleging Defendant violated the FLSA by

failing to pay minimum wages. Plaintiffs worked as dancers at a strip club called the Yellow Rose

which classified them as independent contractors, rather than as employees. Plaintiffs moved for

partial summary judgment against the Yellow Rose for misclassifying them as independent

contractors. (Dkt. 46). This Court granted that motion, finding that Plaintiffs were in fact employees

of the Yellow Rose. (Dkt. 71). After a two-day jury trial, the jury in this case returned a verdict in

favor of Plaintiffs. (Jury Verdict, Dkt. 102). The jury found that Defendant failed to pay Plaintiffs

---

[1] The other plaintiffs resolved their claims before trial.

the minimum wage required by law; knew its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct; required and/or coerced Plaintiffs to pay Yellow Rose portions of their tips; and required and/or coerced Plaintiffs to pay fees or fines for the Yellow Rose's benefit. Based on each finding, the jury awarded damages to the Plaintiffs as follows:

Andrea Harris

| Jury Question | Award |
|---|---|
| Jury Question 3 | $14,761.00 |
| Jury Question 5 | $71,400.00 |
| Jury Question 7 | $9,157.00 |

Adding each award of damages together, Andrea Harris's total award is: **$95,318**.

Amanda Langley

| Jury Question | Award |
|---|---|
| Jury Question 3 | $17,414.50 |
| Jury Question 5 | $82,200.00 |
| Jury Question 7 | $17,557.00 |

Adding each award of damages together, Amanda Langley's total award is: **$117,171.50**.

## II. STANDARD OF REVIEW

### A. Rule 59(e)

"A motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) (quoting *Schiller v.*

*Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

### B. Rule 50(b)

"A motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (quoting *SMI Owen Steel Co. v. Marsh USA, Inc.*, 520 F.3d 432, 437 (5th Cir. 2008) (per curiam) (citation and internal quotation marks omitted)). Under Rule 50(b) "[a] motion for judgment as a matter of law should be granted if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party." *Id.* (citation and internal quotation marks omitted). At this stage, a court's "review of a jury's verdict is 'especially deferential.'" *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 675 (5th Cir. 2016) (quoting *SMI Owen Steel Co. v. Marsh U.S.A., Inc.*, 520 F.3d 432, 437 (5th Cir. 2008). The court "view[s] the entire record in the light most favorable to the non-movant, drawing all factual inferences in favor of the non-moving party, and 'leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury.'" *Aetna Casualty & Surety Co. v. Pendleton Detectives of Mississippi, Inc.*, 182 F.3d 376, 378 (5th Cir. 1999) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1300 (5th Cir. 1994)). The court may grant a motion for JMOL "[o]nly when the facts and reasonable inferences are such that a reasonable juror could not reach a contrary verdict." *Baltazor v. Holmes*, 162 F.3d 368, 373 (5th Cir. 1998). "If reasonable persons could differ in their interpretation of the evidence, the motion should be denied." *Id.*

## III. DISCUSSION

### A. Plaintiffs' Rule 59(e) Motion to Amend Judgment

Plaintiffs request to amend the judgment in two ways: (1) liquidated damages and (2) pre- and post-judgment interest. (Dkt. 117). First, Plaintiffs argue they are entitled to liquidated damages because Defendant cannot show it acted in good faith. The FLSA provides: "An employer who violates § 203(m)(2)(B) . . . shall be liable . . . in the amount of any tips unlawfully kept by the employer and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The granting of liquidated damages is mandatory under § 216(b) except where the employer shows to the satisfaction of the court that its act or omission was in 'good faith' and was based upon reasonable grounds for believing that it was not violating the Act." *Lowe v. Southmark Corp.*, 998 F.2d 335, 337 (5th Cir. 1993). Here, the jury found that Defendant acted willfully when it violated the FLSA. Defendant argues that the jury's finding was not supported by the evidence—an argument that will be considered with its Rule 50(e) motion—and that the Court should "exercise its discretionary authority to reduce or eliminate the liquidated damages award for the FLSA wage violation." (Dkt. 123, at 5). The Court declines to do so in light of the jury's finding of willfulness and Defendant's failure to show it acted in good faith.

Defendant also attempts to eliminate liquidated damages for Plaintiffs' coerced tip-taking claim. But, as Defendant states, "Section 216(b) was amended, effective March 2018, such that liquidated damages can be awarded for wages **and** 'tips unlawfully kept.'" (*Id.* at 6) (quoting 29 U.S.C. § 216(b)). "Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Defendant tries to characterize the money dancers received from customers who wanted cabana time with a dancer as something other than tips, referring to the

4

money as "non-discretionary payment they negotiated with, and obtained from, customers in exchange for agreeing to spend time with them in the cabanas." (Dkt. 123, at 6). Defendant's characterization contorts a simple transaction. Finally, Defendant cites "Regulation 531.35" to contend Plaintiffs' coerced tipping claim has no support as an "independent cause of action." (*Id.* at 7). That regulation addresses kickbacks, making clear that wages must be paid free and clear. It does not preclude Plaintiffs' claim, and Defendant presents no case law support for its contention that Plaintiffs cannot recover damages for coerced tips other than one cite in its Rule 59(e) motion to a district court case out of Wisconsin. (Dkt. 124, at 5). Defendant similarly objects to an award of liquidated damages for Plaintiffs' claim related to coerced fees and fines. Defendant incorporates by reference the arguments it made in its Rule 59(e) motion, and so the Court will address those arguments below.

Second, Plaintiffs request pre- and post-judgment interest. By statute, Plaintiffs are entitled to post-judgment interest. *See* 28 U.S.C. § 1961(a). Defendant counters only by again questioning the validity of Plaintiffs' claims but admits that otherwise it would "be appropriate to consider awarding post-judgment interest." (Dkt. 123, at 9). The Court will amend its judgment to include post-judgment interest. The Court is not convinced, however, that pre-judgment interest should be awarded. The Fifth Circuit, as Plaintiffs admit, "has held that there can be no award of prejudgment interest on minimum wage and overtime claims . . . ." (Dkt. 117, at 5). While there appears to be no circuit prohibition to awarding prejudgment interest for awards stemming from Section 203(m) violations, the corollary is also true: there are no cases awarding pre-judgment interest. Given the Fifth Circuit's reluctance to award prejudgment interest for other FLSA violations, this Court will await further guidance before entering such an award.

**B. Defendant's Rule 59(e) Motion to Amend Judgment**

Defendant makes several arguments, some of which overlap with the parties' briefing on Plaintiffs' claim for liquidated damages in their Rule 59(e) motion. Before reaching those, the Court first turns to Defendant's argument that damages should be temporally limited. Defendant seeks to reduce Plaintiffs' damages awards from three years (as awarded by the jury) to two years by incorporating by reference the "reasons . . . developed in Defendant's Rule 50(b) Motion for Judgment as a Matter of Law." (Dkt. 124, at 4). Defendant does not point the Court to specific pages of its Rule 50(b) motion, and the Court should not be expected to comb a separate filing in search of Defendant's argument. For completeness, the Court does its best to interpret Defendant's vague reference. In its Rule 50(b) motion, Defendant argues that Plaintiffs did not adduce legally sufficient evidence to sustain a willfulness finding and therefore damages for a three-year period. As discussed below, the Court disagrees and finds that the jury's award of damages for a three-year period should not be disturbed.

Next, Defendant contends the judgment should be amended to exclude damages for Plaintiffs' coerced tip-taking claim. This issue has mostly been addressed above, but the Court notes that Defendant argues that "the lack of evidentiary support" for that claim is "underscor[ed]" by the jury awarding the same amounts for the two- and three-year periods of damages. (*Id.* at 4). A Rule 59(e) motion is not the proper vehicle for rehashing evidence that could have been raised before judgment was entered. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Since Defendant did not make this challenge before judgment was entered, the Court will not entertain it now. *See Bolton*, 946 F.3d at 262. Even if the Court did, the Court would not amend judgment on this basis. The jury awarded tip-out damages consistent with the damages evidence presented at trial.

Defendant finally argues the judgment should exclude damages for coerced fees and fines. The fees and fines at issue were the house fees Plaintiffs paid when they worked. In support of its

assertion that Plaintiffs' claim for coerced fees is not legally cognizable, Defendant makes a circular argument that Plaintiffs were not paid wages, only tips, so there cannot be a kickback, even though the basis of Plaintiffs' suit was the lack of mandatory wages since Plaintiffs' sole compensation was tips. Defendant additionally asserts that Regulation 531.35 does not create a stand-alone cause of action to recover fees paid. Plaintiff counters that their claims sound in Sections 206 and 203(m)(2)(B) and that even before 203(m)(2)(B), courts awarded dancers damages for fees and fines taken by strip clubs. (Dkt. 131, at 4–5). While the Court acknowledges this area of law lacks perfect clarity, the Court finds no manifest error of law.

### C. Defendant's Rule 50(b) Judgment as a Matter of Law

In its Rule 50(b) motion, Defendant contends willfulness was not supported by the evidence. According to Defendant, a finding that a defendant "failed to show good faith . . . does not mean that the plaintiff showed that the defendant willfully violated the statute." (Dkt. 125, at 4). Defendant admits though that the jury did hear evidence that Defendant acted willfully because the jury was told that Defendant violated the FLSA by mischaracterizing Plaintiffs as independent contractors. (*Id.*). In contrast, Defendant states it adduced the following evidence of good faith: (1) license agreements signed by Plaintiffs stating they would be treated as independent contractors, (2) written disclosures regarding the house fees including why Plaintiffs were charged the fees to work at the Yellow Rose, and (3) legal advice Defendant obtained regarding the classification of its dancers.

Plaintiffs counter that Defendant has waived its right to raise the issue of willfulness in a Rule 50(b) motion because Defendant failed to make a Rule 50(a) motion on willfulness. If a party fails to move for judgment as a matter of law under Rule 50(a) at the conclusion of the evidence, the party waives its right to file a Rule 50(b) motion. A Rule 50(b) motion is "technically only a renewal of the [Rule 50(a) motion for judgment as a matter of law]." *Puga v. RCX Sols., Inc.*, 922 F.3d 285,

290 (5th Cir. 2019) (quoting *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir. 1985)). "As a result, courts prohibit parties from using a Rule 50(b) motion to 'assert a ground that was not included in the [original] motion.'" *Id.* (quoting *Mozingo*, 752 F.2d at 172). Having failed to raise willfulness in its Rule 50(a) motion at trial, Defendant cannot renew an objection on that issue at this stage since the issue was not preserved for post-trial review.

Even if Defendant had raised the issue of willfulness in its Rule 50(a) motion and could properly raise it again in its Rule 50(b) motion, Defendant has not shown there was no legally sufficient evidentiary basis for the jury to find in favor of Plaintiffs, especially given the Court's deferential review of the jury verdict. *Orozco*, 757 F.3d at 448; *OneBeacon*, 841 F.3d at 675. As Plaintiffs argue, the jury could have found willfulness from the language of the license agreements. (Dkt. 128, at 3–4). The jury could have inferred that the licenses were crafted with the intention of avoiding the FLSA. (*Id.*). The Court "view[s] the entire record in the light most favorable to the non-movant, drawing all factual inferences in favor of the non-moving party, and 'leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury.'" *Aetna Casualty & Surety Co.*, 182 F.3d at 378 (quoting *Conkling*, 18 F.3d at 1300). A reasonable juror could have found willfulness based on the evidence presented at trial and inferences made from that evidence. Under Rule 50(b), the Court cannot disturb the jury verdict.

Defendant next argues that the tips damages are not supported by the evidence. Defendant claims Section 203(m)(2)(B) does not apply and that Plaintiffs' evidence does not "rationally support" the damages awarded by the jury. The Court already has rejected Defendant's claim that Plaintiffs' claim for coerced tip-taking is not allowed. Defendant's second basis—that the evidence did not support the damages awards—amounts to Defendant complaining that Plaintiffs failed to keep personal records of cabana charges and the amount they paid in tips to DJs and managers. Plaintiffs provided estimates and examples of the amounts they tipped, as Defendant outlines in its

brief. (Dkt. 125, at 7–8 (one Plaintiff explaining that DJs got $20-60 and managers 10% and that she paid cabana charges of $750/week for 148 weeks and the other Plaintiff explaining that DJs got $50 and cabana tip-outs were $250)). Defendant argues that "no evidence explains the figure the jury came up with." (*Id.* at 8). First, Defendant's failure to keep adequate records does not fall on Plaintiffs. *See Anderson v. Mt. Clemens Pottery Company*, 328 U.S. 680, 687–88 (1946), *superseded by statute on other grounds*, 29 U.S.C. § 254(a). Second, Plaintiffs' provided documentary evidence such as 1099s and a work log report showing dates and hours worked. Plaintiffs testified (1) they were told they had to tip-out to managers, (2) they had to pay DJs tips or the DJs would call them to the stage more often (thereby preventing them from working the floor for higher tips), (3) they had to tip-out the "cage girl," (4) they had to tip-out on cabana time, and (5) Defendant took 5% of tips charged on credit cards. (*See* Dkt. 130, at 5–8). Third, the Court will not second guess how the jury calculated damages. The jury enjoys substantial discretion in awarding damages within the range shown by the evidence. *Neiman-Marcus Group, Inc. v. Dworkin*, 919 F.2d 368, 372 (5th Cir. 1990). Here, the jury's award sits squarely within the range of damages evidence and was supported by the evidence presented at trial.

Finally, Defendant argues the coerced fees and fines damages are not supported by the evidence and are duplicative of the tips damages. Once again, Defendant failed to raise this objection in the context of a Rule 50(a) motion, and the Court cannot consider a new issue with a Rule 50(b) motion. Even if Defendant had presented the issue in a Rule 50(a) motion, the Court would deny Defendant's attempts to alter the jury's verdict. Plaintiffs' provided documentary evidence such as 1099s, the house fee schedule, and a work log report showing dates and hours worked. Plaintiffs testified they were told they had to pay the house fee to work. (*See* Dkt. 130, at 5–8). Legally sufficient evidence supports the jury's damages awards for coerced fees.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiffs' Motion to Amend Judgment, (Dkt. 117), is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** Plaintiffs' request for liquidated damages and post-judgment interest. The Court **DENIES** Plaintiffs' request for pre-judgment interest.

**IT IS FURTHER ORDERED** that Defendant's Rule 59(e) Motion to Alter or Amend Judgment, (Dkt. 124), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Rule 50(b) Motion for Judgment as a Matter of Law, (Dkt. 125), is **DENIED**.

**IT IS FINALLY ORDERED** that the parties file an agreed proposed final judgment, amended in accordance with this Order, **on or before December 30, 2022**.

**SIGNED** on December 16, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

10